1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone:  (212) 335-4500
   Facsimile:  (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  Los Angeles, CA 90071
   Telephone:  (415) 986-5900
8  Facsimile:  (415) 986-8054
   sgordon@gordonrees.com
9
   MICHAEL C. ZELLERS (SBN: 146904)
10 TUCKER ELLIS & WEST LLP
   515 South Flower Street, Suite 4200
11 Los Angeles, CA 90071-2223
   Telephone:  (213) 430-3400
12 Facsimile:  (213) 430-3409
   michael.zellers@tuckerellis.com
13
   Attorneys for Defendants
14 PFIZER INC., PHARMACIA CORPORATION,
   AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                 NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19 IN RE BEXTRA AND CELEBREX          ) MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND     )
20 PRODUCTS LIABILITY LITIGATION      ) CASE NO. 3:07-cv-6329-CRB
                                      )
21 This document relates to           )
                                      ) **PFIZER INC., PHARMACIA
22 BETTY DAVIS-BARBOSA, et al.,       ) CORPORATION, AND G.D.
                                      ) SEARLE LLC'S ANSWER TO
23        Plaintiffs,                  ) COMPLAINT**
                                      )
24        vs.                          ) **JURY DEMAND ENDORSED
                                      ) HEREIN**
25 PFIZER, INC., PHARMACIA CORPORATION,)
   G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.),)
26 and MONSANTO COMPANY,              )
                                      )
27        Defendants.                  )
                                      )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-1-

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2   "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1])

3   ("Pharmacia"), and G.D. Searle LLC ("Searle"), (collectively "Defendants") and file their

4   Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as

5   follows:

6    **I.**

7   **PRELIMINARY STATEMENT**

8    The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

9   Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

10   generally.   Defendants may seek leave to amend this Answer when discovery reveals the

11   specific time periods in which Plaintiffs were prescribed and used Celebrex®.

12    **II.**

13   **ANSWER**

14   **Response to Allegations Regarding Parties**

15   1.    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

16   deny that Plaintiffs are entitled to any relief or damages.   Defendants admit that, during certain

17   periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

18   States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19   accordance with their approval by the FDA.   Defendants admit that, during certain periods of

20   time, Celebrex® were manufactured and packaged for Searle, which developed, tested,

21   marketed, co-promoted, and distributed Celebrex® in the United States to be prescribed by

22   healthcare providers who are by law authorized to prescribe drugs in accordance with their

23   approval by the FDA.   Defendants state that Celebrex® was and is safe and effective when used

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

---

[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold, or distributed Celebrex®.  Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Celebrex®, *see* PLAINTIFFS' COMPLAINT at ¶ 10, Defendants assume Plaintiffs mean to refer to 1933 Monsanto. As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

2    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

3    damages, and deny the remaining allegations in this paragraph of the Complaint.

4    7.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

6    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

7    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

8    damages, and deny the remaining allegations in this paragraph of the Complaint.

9    8.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

10   business in New York.  Defendants admit that, as the result of a merger in April 2003,

11   Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph

12   of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants

13   are without knowledge or information sufficient to form a belief as to the truth of such

14   allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of

15   time, Pfizer marketed and co-promoted Celebrex® in the United States, including California, to

16   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

17   accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

18   paragraph of the Complaint.

19   9.    Defendants admit that Searle is a Delaware limited liability company with its principal

20   place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that,

21   as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

22   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

23   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

24   Celebrex® in the United States to be prescribed by healthcare providers who are by law

25   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

26   the remaining allegations in this paragraph of the Complaint.

27   10.   Defendants admit that in 1933 an entity known as Monsanto Company ("1933

28   Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-4-

1    1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name

2    to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company,

3    was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company

4    changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged

5    in the agricultural business and does not and has not ever manufactured, marketed, sold, or

6    distributed Celebrex®.  The 2000 Monsanto is not and has never been the parent of either

7    Searle or Pharmacia.  As the 2000 Monsanto does not and has not ever manufactured, marketed,

8    sold, or distributed Celebrex®, Defendants therefore state that the 2000 Monsanto is not a

9    proper party in this matter.  Defendants deny the remaining allegations in this paragraph of the

10   Complaint.  Defendants state that the response to this paragraph of the Complaint regarding

11   Monsanto is incorporated by reference into Defendants' responses to each and every paragraph

12   of the Complaint referring to Monsanto and/or Defendants.

13   11.     Defendants admit that Pharmacia is a Delaware corporation with its principal place of

14   business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

15   the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

16   Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

17   Celebrex® in the United States, including California, to be prescribed by healthcare providers

18   who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

19   Defendants deny the remaining allegations in this paragraph of the Complaint.

20              **Response to Allegations Regarding Jurisdiction and Venue**

21   12.     Defendants are without knowledge or information to form a belief as to the truth of the

22   allegations in this paragraph of the Complaint regarding the amount in controversy, and,

23   therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount

24   in controversy exceeds $75,000, exclusive of interests and costs.

25   13.     Defendants are without knowledge or information to form a belief as to the truth of the

26   allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount

27   in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim

28   that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1 | interests and costs.

2 | 14.     Defendants are without knowledge or information to form a belief as to the allegations

3 | in this paragraph of the Complaint regarding the judicial district in which the asserted claims

4 | allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe

5 | and effective when used in accordance with its FDA-approved prescribing information.

6 | Defendants deny committing a tort in the States of California, Minnesota, Florida, Washington,

7 | Wisconsin, and Michigan, and deny the remaining allegations in this paragraph of the

8 | Complaint.

9 | 15.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

10 | and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

11 | are by law authorized to prescribe drugs in accordance with their approval by the FDA.

12 | Defendants admit that, during certain periods of time, Celebrex® was manufactured and

13 | packaged for Searle, which developed, tested, marketed, co-promoted and distributed

14 | Celebrex® in the United States to be prescribed by healthcare providers who are by law

15 | authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

16 | that Pfizer, Pharmacia, and Searle are registered to and do business in the State of and

17 | California.  Defendants state that the allegations in this paragraph of the Complaint regarding

18 | "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

19 | information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

20 | the same.  Defendants deny committing a tort in the States of California, Minnesota, Florida,

21 | Washington, Wisconsin, and Michigan, and deny the remaining allegations in this paragraph of

22 | the Complaint.

23 | **Response to Allegations Regarding Interdistrict Assignment**

24 | 16.     Defendants state that this paragraph of the Complaint contains legal contentions to

25 | which no response is required.  To the extent that a response is deemed required, Defendants

26 | admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

27 | and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

28 | Panel on Multidistrict Litigation on September 6, 2005.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Factual Allegations**

17.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.   Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

20.    Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

21.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

22.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.     Answering the second Paragraph 19 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.     Answering the second Paragraph 20 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.     Answering the second Paragraph 21 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint regarding "other pharmaceutical companies" are not directed towards Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1)

2    isoenzyme." Plaintiffs fail to provide the proper context for the remaining allegations in this

3    paragraph and Defendants therefore lack sufficient information or knowledge to form a belief

4    as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph

5    of the Complaint.

6    22.    Answering the second Paragraph 22 of the Complaint, Defendants state that the

7    allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague

8    and ambiguous. Defendants are without knowledge or information sufficient to form a belief as

9    to the truth of such allegations, and, therefore, deny the same. Defendants state that, as stated in

10   the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed

11   to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

12   (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

13   cyclooxygenase-1 (COX-1) isoenzyme." Defendants state that Celebrex® was and is safe and

14   effective when used in accordance with its FDA-approved prescribing information. Defendants

15   state that the potential effects of Celebrex® were and are adequately described in its FDA-

16   approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

18   remaining allegations in this paragraph of the Complaint.

19   23.    Defendants admit that Searle submitted a New Drug Application ("NDA") for

20   Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted

21   approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

22   osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

23   Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

24   reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

25   ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny

26   the remaining allegations in this paragraph of the Complaint.

27   24.    Defendants admit that Celebrex® was launched in February 1999. Defendants admit

28   that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Celebrex® in the United States to be prescribed by healthcare providers who are by law

2   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

3   that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

4   which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

5   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

6   accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe

7   and effective when used in accordance with its FDA-approved prescribing information.

8   Defendants state that the potential effects of Celebrex® were and are adequately described in its

9   FDA-approved prescribing information, which was at all times adequate and comported with

10  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

11  remaining allegations in this paragraph of the Complaint.

12  25.    Defendants state that the referenced article speaks for itself and respectfully refer the

13  Court to the article for its actual language and text.  Any attempt to characterize the article is

14  denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

16  this paragraph of the Complaint.

17  26.    Defendants state that the referenced article speaks for itself and respectfully refer the

18  Court to the article for its actual language and text.  Any attempt to characterize the article is

19  denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

21  this paragraph of the Complaint.

22  27.    Defendants state that Celebrex® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Celebrex® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny the allegations in this paragraph of the Complaint.

27  28.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

29.     Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

30.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

31.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

32.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

33.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

34.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

35.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

36.    Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

37.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

38.    Defendants admit that there was a clinical trial called APC.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   remaining allegations in this paragraph of the Complaint.

2   39.     Defendants admit that there was a clinical trial called APC.  Defendants state that the

3   referenced article speaks for itself and respectfully refer the Court to the article for its actual

4   language and text.  Any attempt to characterize the article is denied.  Defendants deny the

5   remaining allegations in this paragraph of the Complaint.

6   40.     Defendants state that the referenced Medical Officer Review speaks for itself and

7   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

8   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

9   allegations in this paragraph of the Complaint.

10  41.     Defendants state that the referenced FDA Class Review speaks for itself and

11  respectfully refer the Court to the CLASS Review for its actual language and text.  Any attempt

12  to characterize the CLASS Review is denied.  Defendants deny the remaining allegations in this

13  paragraph of the Complaint.

14  42.     Defendants admit that there was a clinical trial called PreSAP.  Plaintiffs fail to provide

15  the proper context for the allegations concerning "other Celebrex trials" contained in this

16  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

17  form a belief as to the truth of such allegations and, therefore, deny the same.  As for the

18  allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state

19  that the referenced study speaks for itself and respectfully refer the Court to the study for its

20  actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the

21  remaining allegations in this paragraph of the Complaint.

22  43.     Defendants state that the referenced article speaks for itself and respectfully refer the

23  Court to the article for its actual language and text.  Any attempt to characterize the article is

24  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

25  44.     Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

26  Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants

27  therefore lack sufficient information or knowledge to form a belief as to the truth of such

28  allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

themselves and respectfully refer the Court to the studies for their actual language and text. Any attempt to characterize the studies is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

45.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

46.     Defendants state that allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

47.     Defendants state that allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

48.     Defendants state that allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

49.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

50.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

51.    Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants deny the allegations in this paragraph of the Complaint.

53.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

54.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

55.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

56.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

58.     Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants admit that the DDMAC sent a letter to Searle dated October 6, 1999.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to

1    characterize the transcripts is denied.  Defendants state that the referenced study speaks for

2    itself and respectfully refer the Court to the article for its actual language and text.  Any attempt

3    to characterize the article is denied.  Defendants deny the remaining allegations in this

4    paragraph of the Complaint.

5    59.    Defendants state that Celebrex® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Celebrex® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

10   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

11   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

12   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

13   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

14   United States to be prescribed by healthcare providers who are by law authorized to prescribe

15   drugs in accordance with their approval by the FDA.  Defendants deny the remaining

16   allegations in this paragraph of the Complaint.

17   60.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Celebrex® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

22   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

23   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

24   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

25   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

26   United States to be prescribed by healthcare providers who are by law authorized to prescribe

27   drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a

28   prescription medication which is approved by the FDA for the following indications: (1) for

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

61. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiffs' allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

62. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    allegations in this paragraph of the Complaint.

2    63.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which at all times was adequate and comported with applicable standards of care and law.

6    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

7    promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

8    law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

9    admit that, during certain periods of time, Celebrex® was manufactured and packaged for

10   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

11   United States to be prescribed by healthcare providers who are by law authorized to prescribe

12   drugs in accordance with their approval by the FDA.   Defendants deny the remaining

13   allegations in this paragraph of the Complaint.

14   64.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Celebrex® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19   the Complaint.

20   65.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants state that the potential effects of

22   Celebrex® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25   the Complaint.

26   66.    Defendants deny the allegations in this paragraph of the Complaint.

27   67.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

68.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

69.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

70.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

71.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

72.     Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    with its FDA-approved prescribing information.  Defendants state that the potential effects of

2    Celebrex® are and were adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendants state that the referenced study speaks for itself and respectfully refer the Court to

5    the study for its actual language and text.  Any attempt to characterize the study is denied.

6    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7    the Complaint.

8    73.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

10   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

11   effective when used in accordance with its FDA-approved prescribing information.  Defendants

12   state that the potential effects of Celebrex® are and were adequately described in its FDA-

13   approved prescribing information, which was at all times adequate and comported with

14   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

15   remaining allegations in this paragraph of the Complaint.

16                  **Response to First Cause of Action: Negligence**

17   74.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

18   Complaint as if fully set forth herein.

19   75.    Defendants state that this paragraph of the Complaint contains legal contentions to

20   which no response is required.  To the extent that a response is deemed required, Defendants

21   admit that they had duties as are imposed by law but deny having breached such duties.

22   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

23   FDA-approved prescribing information.  Defendants state that the potential effects of

24   Celebrex® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27   the Complaint.

28   76.    Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   which no response is required.  To the extent that a response is deemed required, Defendants

2   admit that they had duties as are imposed by law but deny having breached such duties.

3   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

4   FDA-approved prescribing information.   Defendants state that the potential effects of

5   Celebrex® were and are adequately described in its FDA-approved prescribing information,

6   which was at all times adequate and comported with applicable standards of care and law.

7   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8   the Complaint.

9   77.     Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

11   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

12   effective when used in accordance with its FDA-approved prescribing information.  Defendants

13   state that the potential effects of Celebrex® were and are adequately described in its FDA-

14   approved prescribing information, which was at all times adequate and comported with

15   applicable standards of care and law.   Defendants deny any wrongful conduct and deny the

16   remaining allegations in this paragraph of the Complaint, including all subparts.

17   78.     Plaintiffs' Complaint omits Paragraph 78.

18   79.     Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

20   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21   effective when used in accordance with its FDA-approved prescribing information.  Defendants

22   state that the potential effects of Celebrex® were and are adequately described in its FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.   Defendants deny any wrongful conduct and deny the

25   remaining allegations in this paragraph of the Complaint.

26   80.     Defendants state that Celebrex® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3   the Complaint.

4   81.     Defendants are without knowledge or information sufficient to form a belief as to the

5   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

6   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

7   effective when used in accordance with its FDA-approved prescribing information.  Defendants

8   state that the potential effects of Celebrex® were and are adequately described in its FDA-

9   approved prescribing information, which was at all times adequate and comported with

10  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

11  Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this

12  paragraph of the Complaint.

13  82.     Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

15  Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

16  Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this

17  paragraph of the Complaint.

18  83.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

19  damages, and deny the remaining allegations in this paragraph of the Complaint.

20  84.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

21  damages, and deny the remaining allegations in this paragraph of the Complaint.

22                  **Response to Second Cause of Action: Strict Liability**

23  85.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

24  Complaint as if fully set forth herein.

25  86.     Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

27  Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

28  time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

87.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

88.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

90.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny that Celebrex® is unreasonably dangerous and deny the remaining allegations

3    in this paragraph of the Complaint.

4    91.     Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

6    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

7    effective when used in accordance with its FDA-approved prescribing information.  Defendants

8    state that the potential effects of Celebrex® were and are adequately described in its FDA-

9    approved prescribing information, which was at all times adequate and comported with

10   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

11   Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damages, and deny the

12   remaining allegations in this paragraph of the Complaint.

13   92.     Defendants state that Celebrex® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendants state that the potential effects of

15   Celebrex® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

18   remaining allegations in this paragraph of the Complaint.

19   93.     Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

21   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22   effective when used in accordance with its FDA-approved prescribing information.  Defendants

23   state that the potential effects of Celebrex® were and are adequately described in its FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

26   Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damages, and deny the

27   remaining allegations in this paragraph of the Complaint.

28   94.     Defendants state that Celebrex® was and is safe and effective when used in accordance

with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

95.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

96.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

97.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

98.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

99.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Express Warranty**

101.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

102.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

104.    Defendants admit that they provided FDA-approved prescribing information regarding

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Response to Fourth Cause of Action: Breach of Implied Warranty**

111.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

112.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

115.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

121.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

122.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

2   FDA-approved prescribing information.   Defendants state that the potential effects of

3   Celebrex® were and are adequately described in its FDA-approved prescribing information,

4   which was at all times adequate and comported with applicable standards of care and law.

5   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6   the Complaint.

7   123.   Defendants state that Celebrex® was and is safe and effective when used in accordance

8   with its FDA-approved prescribing information.   Defendants state that the potential effects of

9   Celebrex® were and are adequately described in its FDA-approved prescribing information,

10  which was at all times adequate and comported with applicable standards of care and law.

11  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12  the Complaint, including all subparts.

13  124.   Defendants state that Celebrex® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.   Defendants state that the potential effects of

15  Celebrex® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18  the Complaint.

19  125.   Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

21  Celebrex® and, therefore, deny the same.   Defendants state that Celebrex® was and is safe and

22  effective when used in accordance with its FDA-approved prescribing information.   Defendants

23  state that the potential effects of Celebrex® were and are adequately described in its FDA-

24  approved prescribing information, which was at all times adequate and comported with

25  applicable standards of care and law.   Defendants deny any wrongful conduct, deny that

26  Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

27  paragraph of the Complaint.

28  126.   Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

remaining allegations in this paragraph of the Complaint.

130.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

131.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   damages, and deny the remaining allegations in this paragraph of the Complaint.

2   135.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

3   damages, and deny the remaining allegations in this paragraph of the Complaint.

4   <u>**Response to Sixth Cause of Action: Unjust Enrichment**</u>

5   136.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

6   Complaint as if fully set forth herein.

7   137.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

9   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

10  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

11  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

12  Celebrex® in the United States to be prescribed by healthcare providers who are by law

13  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

14  the remaining allegations in this paragraph of the Complaint.

15  138.    Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

17  Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

18  paragraph of the Complaint.

19  139.    Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

21  Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

22  paragraph of the Complaint.

23  140.    Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

25  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

26  effective when used in accordance with its FDA-approved prescribing information.  Defendants

27  state that the potential effects of Celebrex® were and are adequately described in its FDA-

28  approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-34-

applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

141.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

142.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Prayer for Relief

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Second Defense**

2.    Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

**Third Defense**

3.    At all relevant times, Defendants provided proper warnings, information, and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed, and distributed.

**Fifth Defense**

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.    Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.    Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

**Eighth Defense**

8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

liable in any way.

### Ninth Defense

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.    Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs .

### Twelfth Defense

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

### Thirteenth Defense

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

### Fifteenth Defense

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.     Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.     Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.     Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.     Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.     Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.     Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.     The manufacture, distribution, and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Twenty-third Defense

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    Defendants affirmatively aver that the imposition of punitive damages in this case

-39-

would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of California, Minnesota, Florida, Washington, Wisconsin, and Michigan, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiffs' punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Thirty-eighth Defense**

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of Minnesota, Florida, Washington, Wisconsin, Michigan, and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs ; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Thirty-ninth Defense**

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    instructions with respect to the product's use in the package insert and other literature, and

2    conformed to the generally recognized, reasonably available, and reliable state of the

3    knowledge at the time the product was marketed.

### Fortieth Defense

5    40.    The claims asserted in the Complaint are barred because Celebrex® was designed,

6    tested, manufactured, and labeled in accordance with the state-of-the-art industry standards

7    existing at the time of the sale.

### Forty-first Defense

9    41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

10    information and belief, such injuries and losses were caused by the actions of persons not

11    having real or apparent authority to take said actions on behalf of Defendants and over whom

12    Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

14    42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

15    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

16    intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

18    43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

19    waiver, and/or estoppel.

### Forty-fourth Defense

21    44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the

22    pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or

23    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were

24    independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

26    45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

27    did not proximately cause injuries or damages to Plaintiffs.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-sixth Defense**

46.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.     The claims must be dismissed because Plaintiffs would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

**Forty-ninth Defense**

49.     The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

**Fiftieth Defense**

50.     Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.     Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.  Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs .

**Fifty-second Defense**

52.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

### Fifty-sixth Defense

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.    Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.    Plaintiffs' claim for punitive damages is barred pursuant to Minn. Stat. § 549.191.

**Fifty-ninth Defense**

59.    Defendants plead the applicability of the Washington Products Liability Act, RCW 7.72 et seq., and specifically aver that Plaintiffs' common law claims are preempted by the statute and must be dismissed.

**Sixtieth Defense**

60.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by Rule 1.120 of the Florida Rules of Civil Procedure.

**Sixty-first Defense**

61.    Plaintiffs' claims are barred because Celebrex® was designed, manufactured, and marketed in accordance with the state of the art at the time of manufacture per section 768.1257, Florida Statutes.

**Sixty-second Defense**

62.    Celebrex® is not defective or unreasonably dangerous, and Defendants are not liable because, at the time of sale or distribution of the Celebrex® alleged to have been used by Plaintiffs, Defendants had complied with applicable regulations of the federal Food & Drug Administration and are entitled to application of section 768.1256, Florida Statutes.

**Sixty-third Defense**

63.    Plaintiffs' injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiff, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiffs' recovery.  Thus, Defendants are entitled to have their liability to the Plaintiffs, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of section 768.81, Florida Statutes.  To the extent any recovery is permitted in this case, pursuant to sections 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Defendants' percentage of fault, taking into account the percentage of fault attributable to all

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

other persons, whether or not a party hereto, and not on the basis of joint and several liability. The persons or entities referred to in this paragraph that are presently unknown to Defendants will be identified in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

### Sixty-fourth Defense

64.    Plaintiffs fail to state a claim for violation of The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

### Sixty-fifth Defense

65.    FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiffs' FDUTPA claim is improper and should be dismissed.

### Sixty-sixth Defense

66.    The acts or practices of which Plaintiffs complain were and are required or specifically permitted by federal or state law.  Therefore, Plaintiffs' FDUTPA claim is barred, fails to state a claim, and should be dismissed with prejudice.

### Sixty-seventh Defense

67.    Plaintiffs lack standing because the answering Defendants did not engage in deceptive conduct with regard to Plaintiff or otherwise.

### Sixty-eighth Defense

68.    The product in question was approved as safe and effective by the FDA and the labeling for said product was in compliance with FDA's approval at the time the products left the control of one or more Defendants and hence, Plaintiffs' claims are barred by MCL 600.2946(5).

### Sixty-ninth Defense

69.    Plaintiffs' claim for non-economic damages is capped pursuant to MCL 600.2946a.

### Seventieth Defense

70.    To the extent Plaintiffs prove that the products in question caused or contributed to any injury they may have suffered, which is denied by these Defendants, these Defendants should not be liable to warn as Plaintiffs cannot prove that the scientific, technical or medical

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    information that was reasonably available at the time was known or should have been known by

2    the Defendants. MCL 600.2948.

3    **Seventy-first Defense**

4    71.    Defendants assert all of the protections and defenses afforded them, and Plaintiffs'

5    claims of liability or damages are limited pursuant to the Michigan Products Liability Act

6    including specifically, but not limited to MCL 600.2946 through MCL 600.6306, including

7    MCL 600.2946, MCL 600.2946(a), MCL 600.2947, MCL 600.2948, MCL 600.2956, MCL

8    600.2957 and MCL 600.2959.

9    **Seventy-second Defense**

10   72.    The product alleged to have caused damages may not have been used in the manner and

11   for the purposes intended.  Such improper use and/or abuse of the product for an unforeseeable

12   purpose and in an unforeseeable manner may have proximately caused or contributed to the

13   alleged injuries, if any, and therefore there is no recovery available against Defendants pursuant

14   to MCL 600.2947.

15   **Seventy-third Defense**

16   73.    Plaintiffs' claim for non-economic damages is barred for the reason that Plaintiffs'

17   percentage of comparative fault is greater than the aggregate fault of the Defendants and non-

18   parties hereto, pursuant to MCL 600.2959 and MCL 600.6306; but that to the extent allowable,

19   must be reduced in total or part pursuant to 600.2946(a).

20   **Seventy-fourth Defense**

21   74.    The claims set forth in Plaintiffs' Complaint are barred in that the product in question

22   was provided to a sophisticated user. In this case, the "user" would include any prescribing

23   physician.

24   **Seventy-fifth Defense**

25   75.    Plaintiffs failed to make every reasonable effort to mitigate, prevent and/or reduce their

26   alleged damages, injuries, and monetary losses.

27   **Seventy-sixth Defense**

28   76.    Plaintiffs' claims, part of Plaintiffs' claims, or evidence relating to Plaintiffs' claims

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   may be barred in whole or in part due to possible spoliation of evidence by Plaintiffs, or those

2   within Plaintiffs' control or with full knowledge of Plaintiffs.

3   **Seventy-seventh Defense**

4   77.     Any claims for punitive damages are barred in that they are not allowable under

5   Michigan law. To the extent that they are allowed contrary to Michigan law, such claims further

6   violate Defendants' constitutional rights under the following clauses of the United States

7   Constitution, as well as any similar provisions under the Michigan Constitution: Commerce

8   Clause, Contracts Clause, Supremacy Clause, Due Process, Takings Clause, Excessive Fines

9   and Equal Protection.

10   **Seventy-eighth Defense**

11   78.     Defendants reserve the right to supplement their assertion of defenses as they continue

12   with their factual investigation of Plaintiffs' claims.

13   **V.**

14   **PRAYER**

15   WHEREFORE, Defendants pray for judgment as follows:

16   1.     That Plaintiffs take nothing from Defendants by reason of the Complaint;

17   2.     That the Complaint be dismissed;

18   3.     That Defendants be awarded their costs for this lawsuit;

19   4.     That the trier of fact determine what percentage of the combined fault or other liability

20          of all persons whose fault or other liability proximately caused Plaintiffs' alleged

21          injuries, losses, or damages is attributable to each person;

22   5.     That any judgment for damages against Defendants in favor of Plaintiffs be no greater

23          than an amount which equals their proportionate share, if any, of the total fault or other

24          liability which proximately caused Plaintiffs' injuries and damages; and

25   6.     That Defendants have such other and further relief as the Court deems appropriate.

26

27

28

1  | June 13, 2008

GORDON & REES LLP

2

3  |  By:_____/s/_____

4  |  Stuart M. Gordon
      sgordon@gordonrees.com
5  |  Embarcadero Center West
      275 Battery Street, 20th Floor
6  |  San Francisco, CA 94111
      Telephone:  (415) 986-5900
7  |  Fax:  (415) 986-8054

8  | June 13, 2008

TUCKER ELLIS & WEST LLP

9

10  |  By:_____/s/_____

11

12  |  Michael C. Zellers
       michael.zellers@tuckerellis.com
13  |  515 South Flower Street, Suite 4200
       Los Angeles, CA 90071
14  |  Telephone:  (213) 430-3400
       Fax:  (213) 430-3409

15  |  Attorneys for Defendants
       PFIZER INC., PHARMACIA
16  |  CORPORATION, and G.D. SEARLE
       LLC

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:07-cv-6329-CRB

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1

## JURY DEMAND

2     Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  June 13, 2008                       GORDON & REES LLP

6

7                              By:      /s/

8                              Stuart M. Gordon

9                              sgordon@gordonrees.com
                                Embarcadero Center West

10                           275 Battery Street, 20th Floor
                              San Francisco, CA  94111

11                           Telephone:  (415) 986-5900
                              Fax:  (415) 986-8054

12

13  June 13, 2008                       TUCKER ELLIS & WEST LLP

14

15                              By:      /s/

16                              Michael C. Zellers
                              michael.zellers@tuckerellis.com

17                           515 South Flower Street, Suite 4200
                              Los Angeles, CA 90071

18                           Telephone:  (213) 430-3400
                              Fax:  (213) 430-3409

19

20                           Attorneys for Defendants
                              PFIZER INC., PHARMACIA

21                         CORPORATION, and G.D. SEARLE
                              LLC

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:07-cv-6329-CRB